■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL T. BROWN, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered March 22, 1989, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant was indicted for criminal possession of a controlled substance in the third degree for an incident in the Town of Chenango, Broome County, on September 22, 1988.

After his motion to suppress physical evidence was denied, defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree with the understanding that he would be sentenced to an indeterminate term of incarceration of 3 to 9 years. The agreed-upon sentence was imposed and defendant appeals.

The facts as found by County Court and supported by the record reveal that Deputy Sheriff Steve Glanville was called to investigate a theft at a clothing store. He was advised that a woman stole a coat, got in a black automobile and drove to another location near the store. The alleged perpetrator was then identified and Glanville arrested her, whereupon defendant approached the automobile, acknowledged ownership of it, denied any knowledge of the stolen property, and allowed Glanville to have any stolen clothing in the car but refused to consent to a search. Upon indicating that he was leaving, defendant was arrested for possession of stolen property. The car was impounded and, after being taken to the Sheriff's department, an inventory search uncovered 69 packets of white powder, later identified as a controlled substance, in the map storage area on the door. A search warrant later was secured.

Defendant contends that the drugs should have been suppressed because the search of the car was illegal. Contrary to defendant's contention, we are not confronted with a search of a container found in an automobile, as occurred in *People v Torres* (74 NY2d 224). Rather, it strikes us that the search of the automobile was authorized because of probable cause to believe that the car contained contraband or stolen property *(see, People v Blasich,* 73 NY2d 673, 678). The woman was seen in the car with the stolen coat so it was reasonable for the police to believe that there were proceeds of the crime in the car. Furthermore, defendant had been arrested for criminal possession of stolen property, which the police reasonably could have believed was in the car. It cannot seriously be contested that upon searching for the criminal proceeds, the 69 packets of drugs were not in plain view. That the automobile was impounded and removed before the search was undertaken does not, in our view, impugn the validity of the search *(see, People v Bacalocostantis,* 121 AD2d 812, 815, *lv denied* 68 NY2d 755). With these facts prevailing, we agree that suppression was properly denied.

We also find no merit to defendant's contention that his sentence should be modified. The sentence imposed was pursuant to a negotiated plea agreement and was in accord with the

statutory requirements. Under such circumstances, we see no reason to modify *(see, People v Haven,* 167 AD2d 659).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.